# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3113

_____

S'cie Ward

*Plaintiff - Appellant*

v.

Kramer School Art Loft Limited Partnership, An Arkansas Limited Partnership; J.
Scott Grummer, individually and as Executive Director of the Downtown Little
Rock Community Development Corporation; Downtown Little Rock Community
Development Corporation; Downtown Little Rock Redevelopment Corporation;
John Shiver, individually and as Executive Director of First Capital Residential,
LLC; First Capital Residential, LLC; Arkansas Development Finance Authority;
All the Right Moves, Inc.; City of Little Rock, Arkansas; Paul Esterer; Todd Alan
Rice; Rose Mary Epperson

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 7, 2016
Filed: July 14, 2016
[Unpublished]

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

S'cie Ward appeals following the district court's[1] adverse grant of summary judgment in her action raising claims under 42 U.S.C. § 1982 and other federal statutes, as well as under state law. As to the district court's determination that some claims against certain parties were barred because Ms. Ward had not raised them as compulsory counterclaims in a prior unlawful-detainer action against her in state court, we agree with the district court's well-reasoned analysis of those claims.[2] See Brown v. Louisiana-Pacific Corp., 820 F.3d 338, 344 (8th Cir. 2016) (reviewing de novo grant of summary judgment); see also Teddler v. Am. Railcar Indus., Inc., 739 F.3d 1104, 1111 (8th Cir. 2014) (remedy for ineffective assistance of counsel in civil case is suit against attorney for malpractice). The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The grant of summary judgment on these claims is the only apparent challenge Ms. Ward raises on appeal, and thus her other claims are waived. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (claim is waived where there is no briefing on why dismissal was improper).